# UNITED STATES DISTRICT COURT
For the District of Columbia

| | | |
|---|---|---|
| CRYSTAL COLLINS | : | |
|   549 Limerick Way | : | |
|   Hyattsville, Maryland 20785, | : | |
|                 Plaintiff, | : | |
| | : | |
|             v. | : | Civil Action No. _____ |
| | : | |
| ROBERT A. McDONALD, | : | |
|   Secretary of Veterans Affairs | : | |
|   810 Vermont Avenue, N.W. | : | |
|   Washington, D.C. 20420, | : | |
|                 Defendant. | : | |

<u>Serve:</u>
Robert A. McDonald                         Office of United States Attorney
Secretary of Veterans Affairs            Civil Division
810 Vermont Avenue, N.W.             555 Fourth Street, N.W.
Washington, D.C. 20420               Washington, D.C. 20001



## COMPLAINT

### Introduction

This is an action seeking compensatory damages, back pay and front pay filed by a former employee of the United States Department of Veterans Affairs who was subjected to discrimination on the basis of disability and disclosure of her confidential medical information in violation of the Rehabilitation Act of 1973, 29 U.S.C. 701 *et seq*, and retaliation based upon her engagement in protected EEO activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*

### Parties

1.   The Plaintiff Crystal Collins is an adult resident of the State of Maryland whose home address is 549 Limerick Way, Hyattsville, Maryland 20785

2. The Defendant Robert A. McDonald is Secretary of the United States Department of Veterans Affairs, whose principal office is located at 810 Vermont Avenue, N.W., Washington, D.C. 20420. At all times hereinafter alleged, Secretary McDonald had supervisory control over and was liable for any damages caused by the acts, or failures to act, of the officials and employees of his Department.

## Jurisdiction and Venue

3. This action is filed within ninety days after the Plaintiff's receipt of notification from the United States Equal Employment Opportunity Commission of her right to institute a civil action under both the Rehabilitation Act of 1973, 29 U.S.C. 701 *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*

4. All acts alleged herein occurred within the District of Columbia.

5. Jurisdiction over the subject-matter and parties to this action is conferred upon this Court pursuant to 28 U.S.C. 1331, 42 U.S.C. 1981a, and 29 U.S.C. 794a.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391 and 42 U.S.C. 2000e-5(f)(3).

## Statement of the Case

7. At all times hereafter alleged, the Plaintiff Crystal Collins was a disabled veteran who was employed in Audiology at the Veterans Administration Medical Center located in Washington, D.C. (hereinafter, the "VAMC"). In this capacity, Ms. Collins assisted clinical audiologists with hearing examinations, cochlear implant services and other audiology related services.

8. Ms. Collins' disabilities, each of which was was known to or should have been known to officials and employees of the VAMC included: pericarditis, post-traumatic stress disorder, hypertension, and Fibromyalgia.

9. In her EEO complaint, Ms. Collins alleged that officials and employees at the VAMC, during the period commencing in approximately December 2010 and continuing through the termination of her employment in July 2012, committed a number of violations of the Rehabilitation Act of 1973 and/or the Title VII of the Civil Rights Act of 1964, including, but not limited to:

   a) Subjecting her to unwarranted Fitness For Duty Examinations commencing on or about December 10, 2010, and continuing through to on or about May 13, 2011;

   b) Failing to safeguard and maintain the security of Ms. Collins' confidential medical records continuing from, at least, December 10, 2010, through the termination of her employment;

   c) Informing Ms. Collins on or about December 10, 2010, that it would be better if a person without her PTSD and/or other disabilities be assigned to handle a particular patient;

   d) Detailing Ms. Collins to answer phones, to provide clerical support and to not have direct patient contact in the Pacemaker Surveillance Center in January 2011;

e) Detailing Ms. Collins to the act as a Medical Support Clerk at the Patient Service Center in February 2011;

f) Advising Ms. Collins on or about February 15, 2011, of the Director's intention to place her on Leave Without Pay status if she went to her union office instead of reporting to her duty station;

g) On or about February 15, 2011, a Health Systems Specialist informing another employee that Ms. Collins needed to be seen by the Mental Health Unit;

h) A Management official informing one of Ms. Collins co-workers on or about February 15, 2011, that she "has problems everywhere she goes" and "she is trouble;" and

i) On or about February 15, 2011, a Management official telling Ms. Collins that she should not have contacted an EEO counsellor.

10. The discrimination and/or the retaliation to which Ms. Collins was subjected was known to or should have been known by officials of the VAMC who made no attempt ameliorate the hostility of the workplace environment and, in fact, explicitly or implicitly aided, abetted, encouraged, condoned or ratified the discriminatory acts of VAMC officials and employees against Ms. Collins.

11. Because of the discrimination she suffered and harassment she received, Ms. Collins took early retirement from the Department of Veteran's Affairs in July 2012.

12. The conduct toward which Ms. Collins was subjected was unwelcome and based upon her disabilities and/or taken in retaliation for her earlier and current EEOC activities against the Department of Veterans Affairs and was sufficiently severe or abusive to alter the conditions of her employment and create an abusive atmosphere.

Causes of Action

Count I: Discrimination on the Basis of Disability

13. The allegations contained in paragraphs one through twelve inclusive of this *Complaint* are incorporated by reference into Count I.

14. Pursuant to the Rehabilitation Act of 1973, Ms. Collins had the right to have her disabilities accommodated, to be free from being employed in lesser or inappropriate positions and to not suffer insults, taunts, and derogatory remarks or experience other incidences of a hostile workplace environment concerning those disabilities.

15. As a direct and proximate result of the discriminatory actions of the Department of Veteran's Affairs, Ms. Collins was (i) discriminated against because of her disabilities, (ii) subjected to a hostile workplace environment, (iii) subjected to retaliation because of her protected EEO activities (iv) endured and will continue to endure great psychological and emotional distress, (v) suffered physical injuries, (vi) incurred and will continue to incur medical expenses and (vii) lost the past, present, and future wage and other employment benefit increases which she would have earned had she not been forced to accept early retirement from the Department of Veterans Affairs; all to her damage in the amount of one million dollars.

## Count II: Reprisal

16. The allegations contained in paragraphs one through twelve inclusive of this *Complaint* are incorporated by reference into Count II.

17. Pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq*, Ms. Collins had the right not to be the victim of retaliation for her exercise of her EEO rights.

18. As a direct and proximate result of the discriminatory actions of the Department of Veteran's Affairs, Ms. Collins was (i) discriminated against because of her disabilities, (ii) subjected to a hostile workplace environment, (iii) subjected to retaliation because of her protected EEO activities (iv) endured and will continue to endure great psychological and emotional distress, (v) suffered physical injuries, (vi) incurred and will continue to incur medical expenses and (vii) lost the past, present, and future wage and other employment benefit increases which she would have earned had she not been forced to accept early retirement from the Department of Veterans Affairs; all to her damage in the amount of one million dollars.

## Prayer For Relief

**WHEREFORE**, the premises considered, the Plaintiff Crystal Collins respectfully prays this Court to:

- Award her one million dollars in compensatory damages, back pay and front pay;

- Award her reasonable costs, interest, and attorneys fees; and

- Grant her such other relief as this Court deems just and proper.

Respectfully submitted,

/S/
James Thomas Maloney #254102
Counsel for the Plaintiff
Maloney & Mohsen PLLC
5039 Connecticut Avenue, NW
Building 1
Washington, DC 20008-1163
Tel: (202) 237-6800  x202
Mobile: (202) 256-5818
Fax: (202) 204-8595
Email: jamestmaloney@gmail.com

## JURY DEMAND

The Plaintiff respectfully demand trial by a jury as to all issues.

,

/S/
James Thomas Maloney